The Law Office of Mallon, Tranger & Budzek
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Sergio Linares-Manzarron
By: Thomas J. Mallon, Esq.

---

**SERGIO LINARES-MANZARRON**

Plaintiff,

vs.

**CITY OF ATLANTIC CITY; CHIEF OF POLICE JAMES A. SARKOS; KLEOVOULOS ZISSIMOPOULOS; JUAN PEREZ- DELACRUZ** and **JOHN DOES 1-5** (fictitious individuals), Atlantic City Police Officers, and **JOHN DOES 6-10** (fictitious individuals, Personnel and/or Police Officers of the Atlantic City Police Department in supervisory capacities);

Defendants.

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
CAMDEN

Civil Action No.:        (   -   )

**COMPLAINT**

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

1

**PARTIES**

2.  Plaintiff Sergio Linares-Manzarron residing at 2925 Atlantic Avenue, Apt #2, Atlantic City, NJ 08401, is and was, at all times herein relevant, a resident of the State of New Jersey.

3.  Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 were, at all times mentioned herein, duly appointed and acting police officers of the City of Atlantic City Police Department and, at all times herein, were acting in such capacities as the agents, servants and/or employees of the City of Atlantic City and were acting under the color of law.

4. Defendants Chief of Police James A. Sarkos and/or John Does 6-10 were, at all times mentioned herein, duly appointed and acting members of the Atlantic City Police Department and, at all times herein, were acting in such capacities as the agents, servants and/or employees of Atlantic City and were acting under the color of law.

5. Defendants Chief of Police James A. Sarkos and/or John Does 6-10 were acting in supervisory capacities over Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 and were responsible by law for the training, supervision and conduct of Defendants Kleovoulos Zissimopoulos, Juan Perez-Delacruz and/or John Does 1-5.

6. Defendant City of Atlantic City is a duly designated municipality of the State of New Jersey, under the laws of the State of New Jersey.

7. At all times relevant hereto, Defendant City of Atlantic City employed the aforementioned Defendants. As such, it was responsible for the training, supervision, and conduct of Defendants James A. Sarkos, Kleovoulos Zissimopoulos, Juan-Perez Delacruz  and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On October 13, 2024, Plaintiff Sergio Linares-Manzarron was lawfully on the premises of the Tropicana Casino located at 2831 Boardwalk, Atlantic City, NJ 08401.

2. At the same time and place aforementioned, Plaintiff left the Tropicana Casino to walk home.

3. Plaintiff was lawfully on the sidewalk/alley near North Bellevue Ave and Atlantic Avenue in Atlantic City, New Jersey, when Atlantic City police officers Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 approached Plaintiff and asked him to go home because he appeared intoxicated.

4. At this time, Plaintiff was surrounded by multiple Atlantic City police officers that were all much larger than him. Plaintiff is approximately 5' 6'' and weighs 170 pounds. One of the officers spoke Spanish.

5. Police body worn camera footage in this matter shows that Plaintiff began pointing at police officers but did not touch any of them.

6. Suddenly and without any provocation, Defendants Kleovoulos Zissimopoulos and/or John Does 1-5 used excessive and unreasonable force on Plaintiff's person by punching him in the face, knocking him unconscious.

7. As a result of Defendants' use of excessive and unreasonable force, Plaintiff sustained a concussion, a facial laceration requiring stitches to repair and bruising all over his body.

8. Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-10 prepared  police reports fabricating evidence by claiming that the level of force was effective to

3

ensure the safety of the police officers who were present. Police body worn camera footage shows that Plaintiff never assaulted any police officers and posed no threat to their safety.

9.  Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 arrested Plaintiff and charged him with Aggravated Assault on a Police Officer; Terroristic Threats; Harassment, and Disorderly Conduct.

10.  The criminal charges against Plaintiff were resolved by way of him pleading to a municipal ordinance on 2/3/25.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  As a direct and proximate result of the above-referenced unreasonable and excessive use of force on Plaintiff by Defendants Kleovoulos Zissimopoulos and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his rights to be secure against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.  As a direct and proximate cause of the excessive and unreasonable force used on Plaintiff's person as set forth above, he sustained bodily and emotional injuries; medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States made actionable through 42 U.S.C. Section 1983.

4

**WHEREFORE,** Plaintiff Sergio Linares-Manzarron demands judgment against Defendants Kleovoulos Zissimopoulos and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 FABRICATION OF EVIDENCE IN VIOLATION OF DUE PROCESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-10 acting under the color of state law fabricated evidence against Plaintiff, violating his due process rights under the Fourteenth Amendment.

3. Specifically, Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-10 prepared false reports and/or gave false statements in an effort to justify their use of excessive and unreasonable force on Plaintiff's person.

4. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff sustained bodily and emotional injuries; medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Sergio Linares-Manzarron demands judgment against Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and

for any such further relief as the court deems proper and  just.

## COUNT THREE
## SECTION 1983 SUPERVISORY LIABILITY

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Sarkos and/or John Does 6-10 were  supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.  Specifically, Defendant James A. Sarkos is the Chief of Police.

3.  Defendants Sarkos and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Zissimopoulos, Delacruz  and/or John Does 1-5 from violating the constitutional rights of  citizens and/or  detainees.

4.  Defendants Sarkos and/or John Does 6-10  either directed Defendants Zissimopoulos, Delacruz and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge  of and acquiesced in his/their subordinate's violations.

5.  As a direct and proximate result of the acts of Defendants Sarkos and/or John Does 6- 10 as set forth herein, Plaintiff sustained physical and emotional injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined. in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Sergio Linares-Manzarron  demands judgment against Defendants Sarkos and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further

relief as the court deems proper and  just.

**COUNT FOUR**
**SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY**
**INADEQUATE TRAINING**

1. The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Atlantic City Police Department, James A. Sarkos and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Atlantic City  Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police-citizen encounters, and/or (4) disciplining officers. Defendants Sarkos and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 used excessive and unreasonable force on Plaintiff Sergio Linares-Manzarron's person and fabricated evidence.

3. At all times mentioned herein, Defendants Sarkos, Zissimopoulos, Delacruz  and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant City of Atlantic City, were acting under the direction and control of Defendants Atlantic City, Sarkos and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Defendant Atlantic City's Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Sarkos and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5  in their

7

duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

5.  Defendants City of Atlantic City, Sarkos and/or John Does 6-10 were aware of numerous similar police citizen encounters involving Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz  and/or John Does 1-5 and/or other Atlantic City Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizen/arrestees.

6.  Defendants Sarkos and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Atlantic City Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Despite their awareness, Defendants City of Atlantic City, Sarkos and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-10, and/or other Atlantic City Police Officers.

8.  Defendants City of Atlantic City, Sarkos and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

9. Defendants City of Atlantic City, Sarkos and/or John Does 6-10 had  power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

10.  Defendants City of Atlantic City, Sarkos and/or John Does 6-10, directly or indirectly, under the color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Kleovoulos Zissimopoulos, Juan-Perez Delacruz and/or John Does 1-5 heretofore described.

11.  As a direct and proximate result of the acts and/or omissions  of Defendants City of Atlantic City, Sarkos and/or John Does 6-10 as set forth herein, Plaintiff sustained bodily and emotional injuries; medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his  constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Sergio Linares-Manzarron demands judgment against Defendants City of Atlantic City, James A. Sarkos and/or John Does 6-10 on this Count together with compensatory and  punitive damage, attorney's fees, interest and costs of suit incurred, and

for any such further relief as the court deems proper and  just.

## COUNT FIVE
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The excessive force, fabrication of evidence and failure to supervise by Defendants Zissimopoulos, Delacruz, Sarkos and/or John Does 1-10, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3.  As a direct and proximate result of the aforesaid acts of Defendants Zissimopoulos, Delacruz, Sarkos and/or Does 1-5, Plaintiff sustained physical and emotional injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Sergio Linares-Manzarron  demands judgment against Defendants  Kleovoulos Zissimopoulos; Juan-Perez Delacruz; James A. Sarkos  and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for  any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire, is hereby designated trial counsel in the above captioned matter.

Dated: April 8, 2025                           */s/ Thomas J. Mallon, Esq.*
                                               THOMAS J. MALLON, ESQ.

11